UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eugene Scalia,[1] Secretary of Labor, United States Department of Labor,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>Kilen Boe et al.,<br><br>　　　　　　　　Defendants. | Case No. 19-cv-0868 (WMW/LIB)<br><br>**ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT** |

This matter is before the Court on Plaintiff Eugene Scalia's motion for entry of default judgment. (Dkt. 14.) Plaintiff seeks $24,973.52 to be restored to the Minn-Dak Asphalt, Inc. 401(k), health, dental and life insurance plans. For the reasons addressed below, Plaintiff's motion is granted.

## BACKGROUND

Plaintiff is the Secretary of Labor for the United States Department of Labor (Secretary). Defendant Minn-Dak Asphalt, Inc. (Minn-Dak) is a Minnesota corporation and Defendant Kilen Boe was the President and Chief Executive Officer of Minn-Dak during the period of time in question. Minn-Dak established and is the administrator of the following employee benefit plans, also named as defendants: Minn-Dak Asphalt, Inc. 401(k) Plan (the 401(k) Plan), Minn-Dak Asphalt, Inc. Health Plan (the Health Plan), Minn-Dak Asphalt, Inc. Dental Plan (the Dental Plan), and Minn-Dak Asphalt, Inc. Life

---

[1]　　Eugene Scalia is automatically substituted for former Secretary of Labor R. Alexander Acosta. *See* Fed. R. Civ. P. 25(d).

Insurance Plan (the Life Insurance Plan) (collectively, the Plans). The Plans are administered in accordance with the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq*.

On March 28, 2019, Plaintiff filed a complaint alleging that Defendants failed to remit employee contributions and participant loan repayments to the Plans. Plaintiff alleges that during the period between May 29, 2014, through March 16, 2017, the 401(k) Plan's governing documents provided in pertinent part that participants could make pre-tax salary deferral contributions to the 401(k) Plan and could take loans from the 401(k) Plan and repay such loans through payroll salary deductions. Allegedly Minn-Dak withheld $6,462.98 from its employees' pay as salary deferral contributions intended for the 401(k) Plan, retained the withheld employee contributions in its bank account, and never remitted them to the 401(k) Plan. Plaintiff also alleges Minn-Dak withheld $2,396.97 from its employees' pay as participant loan repayments for the 401(k) Plan during the same period of time. And, according to Plaintiff, Minn-Dak withheld $642,665.55 from its employees' pay as salary deferral contributions intended for the 401(k) Plan and failed to timely remit that amount for 82 days.

Plaintiff alleges that from February 1, 2017, through March 16, 2017, Minn-Dak withheld $7,046.09 from its employees' pay as contributions to the Health Plan for insurance premiums. As a result, HealthPartners, Inc. allegedly cancelled Minn-Dak's health insurance and denied at least 28 health claims totaling $9,549.87 because the Health Plan participants were not eligible for coverage on the dates of their medical service.

Plaintiff alleges that from March 1, 2017, through April 30, 2017, Minn-Dak withheld $1,881.27 from its employees' pay as contributions to the Dental Plan for insurance premiums.  As a result, Union Security Insurance allegedly cancelled Minn-Dak's dental insurance and denied $3,184.46 in dental claims because the Dental Plan participants were not eligible for coverage on the dates of their service.  Plaintiff alleges that during the same time period, Minn-Dak withheld $1,983.49 from its employees' pay as contributions to the Life Insurance Plan for insurance premiums, which resulted in Union Security Insurance cancelling Minn-Dak's life insurance coverage.

On June 18, 2019, Plaintiff filed an application for entry of default and the Clerk of Court entered default against Defendants on June 19, 2019.  On May 14, 2020, this Court heard argument on Plaintiff's motion for default judgment and ordered Plaintiff "to supplement the record by written submission with the documentation necessary to establish Plaintiff's damages consistent with the sums identified in Plaintiff's motion for default judgment."  On June 8, 2020, Plaintiff supplemented the record to include information regarding the hours worked by plan participants, the relevant payroll records, the amounts paid to the plan participants during the relevant pay periods, and the amounts withheld from the 401(k), health, dental and life insurance plans.

## ANALYSIS

Entry of default judgment is a two-step process governed by Federal Rule of Civil Procedure 55.  First, the party seeking a default judgment must obtain an entry of default from the Clerk of Court.  Fed. R. Civ. P. 55(a).  Here, Plaintiff sought an entry of default, and the Clerk of Court entered a default against Defendants on June 19, 2019.  The Clerk

3

of Court's entry of default is supported by the record, which reflects that Defendants properly waived service, *see* Fed. R. Civ. P. 4(d), and failed to answer or otherwise respond to the complaint. The first step of the process is complete.

Second, after default has been entered, the party seeking affirmative relief "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Upon default, the factual allegations in the complaint are deemed admitted except those relating to the amount of damages. Fed. R. Civ. P. 8(b)(6); *accord Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). Therefore, the only remaining issue before the Court is to determine the amount of damages. *See Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973). A party seeking a default judgment must prove its damages to a reasonable degree of certainty. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818–19 (8th Cir. 2001). To determine damages, a district court may take evidence when necessary or compute damages from facts in the record, so as "to fix the amount [that] the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944).

ERISA permits the Secretary of Labor to bring a civil action on behalf of an employee benefit plan. 29 U.S.C. § 1132(a)(2). ERISA governs the calculation of damages for an employer that fails to fulfill its contribution obligations, providing that a court shall award:

>   (A)   the unpaid contributions,
>
>   (B)   interest on the unpaid contributions,
>
>   (C)   an amount equal to the greater of—

        (i)      interest on the unpaid contributions, or

        (ii)     liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . [of the unpaid contributions],

(D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)    such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). These strict remedies were added "to give employers a strong incentive to honor their contractual obligations to contribute and to facilitate the collection of delinquent accounts." *Laborers Health & Welfare Tr. Fund for N. Cal. v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 547 (1988).

In support of Plaintiff's motion for default judgment, Plaintiff submitted a declaration (Flanders Declaration) and audit invoices from investigator Charles Flanders of the Kansas City Regional Office of the Employee Benefits Security Administration, who investigated the Plans. As directed by the Court, Plaintiff supplemented the record to include information regarding the hours worked by plan participants, the relevant payroll records, the amounts paid to the plan participants during relevant pay periods, and the amounts withheld from the 401(k), health, dental and life insurance plans. Plaintiff also submitted a "Summary Exhibit in Support of the Secretary's Motion for Default Judgment" (Summary Exhibit), a supplemental declaration from investigator Flanders (Flanders Supplemental Declaration), and additional information related to the hours worked by participants and the amounts paid to plan participants during the relevant pay

periods. Plaintiff seeks equitable relief but does not seek interest charges, attorneys' fees, or costs.[2] The Court addresses each in turn.

Plaintiff seeks $12,127.70 in unpaid contributions to the 401(k) Plan. The Flanders Supplemental Declaration and Summary Exhibit support this request. Accordingly, the Court grants default judgment as to the 401(k) Plan unpaid contribution amount of $12,127.70.

Plaintiff also seeks $8,224.10 in unpaid contributions to the Health Plan, $2,271.89 in unpaid contributions to the Dental Plan, and $2,349.83 in unpaid contributions to the Life Insurance Plan. The Flanders Declaration, the Flanders Supplemental Declaration, and the Summary Exhibit support this request. Accordingly, the Court grants default judgment of $8,224.10 in unpaid contributions to the Health Plan, $2,271.89 in unpaid contributions to the Dental Plan, and $2,349.83 in unpaid contributions to the Life Insurance Plan.[3]

---

[2] Although Plaintiff is entitled to recover interest charges, attorneys' fees, and costs on behalf of the Plans, the Court need not provide such relief if it is not requested by Plaintiff. *See, e.g.*, *Nesse v. Lastovich*, No. 17-cv-3385-WMW-LIB, Dkt. 23 (D. Minn. Dec. 11, 2018).

[3] The Court's review of the Flanders declarations and his calculations revealed nominal differences in the sums unremitted. The Court notes that by its own calculation the proper amount in unremitted employee contributions and lost opportunity for the Health Plan is $8,224.15, that the proper amount in unremitted employee contributions and lost opportunity for the Dental Plan is $2,271.93, that the proper amount in unremitted employee contributions and lost opportunity for the Life Insurance Plan is $2,349.82. Despite these nominal differences in the amounts of 5¢, 4¢, and 1¢, respectively, the Court accepts Plaintiff's submission of damages.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Plaintiff's motion for entry of default judgment, (Dkt. 14), is **GRANTED**.

2. The Clerk of Court shall enter judgment in the amount of $24,973.52 against Defendants Kilen Boe; Minn-Dak Asphalt, Inc.; Minn-Dak Asphalt, Inc. 401(k) Plan; Minn-Dak Asphalt, Inc. Health Plan; Minn-Dak Asphalt, Inc. Dental Plan; and Minn-Dak Asphalt, Inc. Life Insurance Plan in favor of Plaintiff.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  September 22, 2020                            s/Wilhelmina M. Wright
                                                     Wilhelmina M. Wright
                                                     United States District Judge