UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Al Stewart,[1] *Acting Secretary of Labor, United States Department of Labor*,

    Plaintiff,

v.

Kilen Boe et al.,

    Defendants.

Case No. 19-cv-0868 (WMW/LIB)

**ORDER**

---

This matter is before the Court on Plaintiff Al Stewart's motion for the appointment of an independent fiduciary. (Dkt. 32.) For the reasons addressed below, Plaintiff's motion is granted.

## BACKGROUND

Plaintiff is the Acting Secretary of Labor for the United States Department of Labor (DOL) (Secretary). Defendant Minn-Dak Asphalt, Inc. (Minn-Dak), is a Minnesota corporation and Defendant Kilen Boe was the President and Chief Executive Officer of Minn-Dak during the period of time in question. Minn-Dak established and is the administrator of, among other employee-benefit plans, the Minn-Dak Asphalt, Inc. 401(k) Plan (the 401(k) Plan). The 401(k) Plan is administered in accordance with the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*

---

[1]     Al Stewart is automatically substituted for former Secretary of Labor R. Alexander Acosta. *See* Fed. R. Civ. P. 25(d).

The Secretary filed a complaint against Defendants, alleging that Defendants breached their fiduciary responsibilities under ERISA. 29 U.S.C. §§ 1103–04, 1106. On September 22, 2020, the Court granted the Secretary's motion for default judgment. On January 7, 2021, the Secretary filed the pending motion to appoint Metro Benefits, Inc. (Metro Benefits), as an independent fiduciary of the 401(k) Plan. No party opposes this motion.

## ANALYSIS

ERISA requires a fiduciary or trustee to administer an employee-benefit plan. *See* 29 U.S.C. §§ 1103(a), 1109(a). Here, Charles Flanders, an investigator employed by the DOL, conducted the investigation in this matter. Flanders declares that Minn-Dak, the 401(k) Plan administrator, is no longer an operational corporation. Therefore, the 401(k) Plan presently lacks a plan administrator.

"A federal court enforcing fiduciary obligations under ERISA is . . . given broad equitable powers to implement its remedial decrees." *Delgrosso v. Spang & Co.*, 769 F.2d 928, 937 (3d Cir. 1985). In cases initiated by the Secretary, a district court is authorized to provide other "appropriate relief" when necessary. 29 U.S.C. § 1132(a)(2), (5). "Thus, in certain narrow circumstances, it is wholly appropriate for a court to provide an appointed independent fiduciary with the power to terminate a plan." *Solis v. Malkani*, 638 F.3d 269, 274–75 (4th Cir. 2011) (citing *Delgrosso*, 769 F.2d at 937–38 & n.12).

Here, Plaintiff's representation that Metro Benefits is a suitable independent fiduciary for the 401(k) Plan is undisputed. Facing similar circumstances, other federal courts have concluded that they have the authority to appoint independent fiduciaries to

administer ERISA plans. *See, e.g.*, *Delgrosso*, 769 F.2d at 939 (directing district court to appoint independent fiduciary for ERISA plan); *Solis v. Winer Indus. 401(k) Profit Sharing Plan*, No. 2:12-cv-00805 (WJM), 2012 WL 4863042, at *1–2 (D.N.J. Oct. 11, 2012) (appointing independent fiduciary because 401(k) plan lacked plan administrator). Therefore, the Court appoints Metro Benefits as the independent fiduciary of the 401(k) Plan.

Plaintiff also requests that the 401(k) Plan be amended to authorize the reallocation of Boe's 401(k) Plan account to restore losses to the 401(k) Plan, identified in the default judgment in the amount of $12,127.70, and to pay for Metro Benefit's reasonable fees and expenses, not to exceed $4,600, for terminating the 401(k) Plan account and issuing distributions. ERISA plan benefits "may not be assigned or alienated." 29 U.S.C. § 1056(d)(1). Notwithstanding this anti-alienation provision, an offset is permissible when the offset arises under a civil judgment in an action brought in connection with a violation of ERISA's fiduciary provisions. *See* 29 U.S.C. § 1056(d)(4)(A)(ii) (addressing exception to anti-alienation rule). Accordingly, ERISA's "broad remedial provision" can override ERISA's anti-alienation provision. *Friendlander v. Doherty*, 851 F. Supp. 515, 519 (N.D.N.Y 1994) (citing 29 U.S.C. §§ 1056(d)(1), 1109(a)).

Here, the Court granted a default judgment in the amount of $12,127.70 in unpaid contributions to the 401(k) Plan. Plaintiff contends that reallocation of $12,127.70, from Boe's 401(k) Plan account to the 401(k) Plan, and payment of reasonable fees and expenses to Metro Benefits from Boe's 401(k) Plan account will restore the 401(k) Plan to the position it would have been had Defendants not breached their fiduciary duties to the 401(k)

Plan. Such relief is in accord with Congress's concerns when enacting ERISA, which was designed to prevent "misuse and mismanagement of plan assets by plan administrators." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 n.8 (1985); *see also Friendlander*, 851 F. Supp. at 522 (observing that "it defies common sense to allow a breaching fiduciary to collect from the very fund he fraudulently depleted").

Accordingly, the 401(k) Plan shall be amended to authorize the reallocation of Boe's 401(k) Plan account to restore losses to the 401(k) Plan identified in the default judgment, in the amount of $12,127.70, and to pay for Metro Benefit's reasonable fees and expenses, not to exceed $4,600, for terminating the 401(k) Plan account and issuing distributions.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to appoint an independent fiduciary, (Dkt. 32), is **GRANTED** as addressed herein.

2. Metro Benefits, Inc. (Metro Benefits), is appointed as the independent fiduciary of the Minn-Dak Asphalt, Inc. 401(k) Plan (the 401(k) Plan) to terminate the 401(k) Plan and issue distributions consistent with the 401(k) Plan's governing documents, the Internal Revenue Code, and the Employment Retirement Income Security Act of 1974 (ERISA). The independent fiduciary shall have the following powers, duties and responsibilities:

   a. The independent fiduciary shall have responsibility and authority to collect, liquidate, and manage such assets of the 401(k) Plan for the benefit of the

eligible participants and beneficiaries of the 401(k) Plan who are entitled to receive such assets, and until such time that the assets of the 401(k) Plan are distributed to the eligible participants and beneficiaries of the 401(k) Plan and the 401(k) Plan is fully terminated;

b. The independent fiduciary shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the 401(k) Plan who is eligible to receive a payment under the terms of this Order and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled. The independent fiduciary shall comply with the guidance in the Employee Benefits Security Administration's Field Assistance Bulletin No. 2014-01, Fiduciary Duties and Missing Participants in Terminated Defined Contribution Plans (Aug. 14, 2014), available at https://www.dol.gov/agencies/ebsa/employers-and-advisers/guidance/field-assistance-bulletins/2014-01, in attempting to locate participants and handling missing participants;

c. The independent fiduciary shall have full access to all data, information and calculations in the 401(k) Plan's possession or under its control, including that information contained in the records of the 401(k) Plan's custodial trustees and other service providers, bearing on the distribution of benefit payments, participant account balances and current 401(k) Plan assets;

d. The independent fiduciary may retain such persons and firms including, but not limited to, accountants and attorneys, as may be reasonably required to perform its duties hereunder;

e. Within 30 days of entry of this Order, the independent fiduciary, in accordance with the Taxpayer Relief Act of 1997, codified at 29 U.S.C. § 1056(d)(4), shall cause the amount of $12,127.70, which represents the amount of unremitted employee contributions and loan repayments and lost opportunity costs owed to each participant of the 401(k) Plan, from Defendant Boe's individual account in the 401(k) Plan to the accounts of the participants and beneficiaries of the 401(k) Plan. For any participants who received a distribution prior to the entry of this Order, that participant will be sent a check in the amount he or she is due;

f. Within 30 days of entry of this Order, the independent fiduciary shall initiate the termination of the 401(k) Plan in accordance with ERISA. The independent fiduciary's responsibilities shall include, but not be limited to, causing the distribution of the 401(k) Plan's assets to the 401(k) Plan participants and filing all appropriate documents with the various government agencies. The 401(k) Plan shall be fully terminated within one hundred twenty days of the entry of this Order and if not, the independent fiduciary shall report in writing to the Court and to the parties the projected date of final termination. Within thirty days from the date that the 401(k) Plan is fully terminated, the independent fiduciary shall provide satisfactory

proof of such termination, including proof of issuance of the 401(k) Plan's participant distributions, to the Regional Director of the Employee Benefits Security Administration, United States Department of Labor, 2300 Main Street, Suite 1100, Kansas City, MO 64108;

g. For services performed pursuant to this Order, the independent fiduciary shall receive compensation from Defendant Boe's individual account in the 401(k) Plan, not to exceed $4,600, for fees and expenses reasonably and necessarily incurred in administering and terminating the 401(k) Plan; and

h. The independent fiduciary's appointment shall terminate upon the first to occur of: (1) removal by the Court; (2) its resignation after finding an acceptable replacement, agreed to by all parties or the Court, providing notice to all parties to this matter, and approval by the Court to have the replacement independent fiduciary appointed; or (3) the liquidation and distribution of the 401(k) Plan's assets and the completion of all related tasks.

3. The 401(k) Plan is amended to permit the offset of $12,127.70, of Defendant Boe's individual account in the 401(k) Plan to restore the losses incurred by the 401(k) Plan resulting from Defendants' fiduciary breaches, and to permit Defendant Boe's individual account in the 401(k) Plan to pay the expenses reasonably and necessarily incurred by the independent fiduciary in administering and terminating the 401(k) Plan, not to exceed $4,600, as authorized by § 1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1502(a), 11 Stat. 788, 1058–59 (1997) (codified at 29 U.S.C. § 1056(d)(4)).

Dated: April 30, 2021

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge